IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Charles H. Snyder and Deborah Snyder,　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　　)　　C.A. No. 8:21-1940-HMH
　　　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　　)　　**OPINION & ORDER**
　　　　　　　　　　　　　　　　　　　　　)
Auto-Owners Insurance Company;　　　　)
Insurance Agency of the Foothills, LLC,　)
a/k/a Foothills Agency;　　　　　　　　　)
and Victor R. Holley, individually　　　　)
and as an agent for Insurance Agency of　)
the Foothills, LLC, a/k/a Foothills Agency　)
and Auto-Owners Insurance Company,　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　　　)

　　　　This matter is before the court on Plaintiffs Charles H. Snyder and Deborah Snyder's

motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Plaintiffs allege that the court erred in its August 1, 2022 order granting summary judgment to

Defendants Insurance Agency of the Foothills, LLC and Victor R. Holley ("Holley"),

(collectively "Foothills Defendants"), and granting partial summary judgment to Auto-Owners

Insurance Company ("Auto-Owners"). After review, the court denies Plaintiffs' motion for

reconsideration.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

　　　　This action arises out of an insurance dispute regarding coverage for a dwelling under

construction that was located at 314 Knollwood Drive, Salem, South Carolina ("the dwelling").

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing.

1

(Compl., generally, ECF No. 1-1.)  The dwelling was a total loss due to a fire that occurred on September 25, 2019.  At the time of the fire, the dwelling was 83% complete.  (Id. ¶¶ 35, 38, ECF No. 1-1.)  The undisputed facts are more fully stated in the court's August 1, 2022 order and incorporated herein.

The parties filed their respective motions for summary judgment on June 17, 2022. (Pl. Mot. Summ. J, ECF No. 42); (Foothills Mot. Summ. J, ECF No. 43); (Auto-Owners' Mot. Summ. J, ECF No. 44.)  Responses in opposition were filed on July 13, 2022.  (Pls. Resp. Opp'n Auto-Owners Mot. Summ. J, ECF No. 47.); (Pls. Resp. Foothills Mot. Summ. J, ECF No. 48.); (Auto-Owners Resp. Opp'n Pls. Mot. Summ. J., ECF No. 49.)  The Foothills Defendants filed a reply on July 20, 2022.  (Foothills Reply, ECF No. 50.)  The court granted Auto-Owners' motion for partial summary judgment and the Foothills Defendants' motion for summary judgment and denied Plaintiffs' motion for partial summary judgment in an order dated August 1, 2022.  (Aug. 1, 2022 Order, ECF No. 51.)  On August 26, 2022, Plaintiffs filed a motion for reconsideration.  (Mot. Reconsider., ECF No. 62.)  The Foothills Defendants filed their response in opposition on September 8, 2022, and Auto-Owners filed their response in opposition on September 9, 2022.  (Foothills Resp., ECF No. 74.); (Auto-Owners Resp., ECF No. 76.) Plaintiffs did not file a reply.  This matter is ripe for decision.[2]

---

[2] Auto-Owners has a pending motion for summary judgment on Plaintiffs' remaining claims that will be addressed in a separate order.

## II. DISCUSSION OF THE LAW

### A. Standard

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original). However, a motion to reconsider should not be used "simply to ask the [c]ourt to rethink what the [c]ourt had already thought through . . . ." Wiseman v. First Citizen Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks and citation omitted).

Further, the discretion afforded by Rule 54(b) "is not limitless," and the Fourth Circuit "ha[s] cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Carlson, 856 F.3d at 325. "This is because, while Rule 54(b) gives a district court discretion to revisit earlier rulings in the same case, such discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted)).

Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson, 856 F.3d at 325 (internal quotation marks and alteration omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." Id. (internal quotation marks omitted).

**B. The Foothills Defendants' Motion for Summary Judgment**

The court granted the Foothills Defendants' motion for summary judgment on Plaintiffs' claims for negligent misrepresentation and equitable estoppel, finding that there is no evidence that Holley, the insurance agent and owner of Foothills Agency, falsely represented that he was obtaining a replacement cost policy for the dwelling or the coverage afforded under the Policy and that even if Holley made a false representation, there is no evidence that Plaintiffs' reliance was reasonable. (Aug. 1, 2022 Order 17-21, ECF No. 51.)

Plaintiffs submit that they have new evidence in support of this claim based on Holley's July 14, 2022 deposition testimony. Plaintiffs offer no reasonable explanation for why Plaintiffs did not notice Holley's deposition during the ample discovery period in this case. Holley, a named defendant in this case, is the insurance agent for Defendant Insurance Agency of the Foothills, LLC, with whom Plaintiffs communicated in obtaining the Policy at issue. In the complaint, Plaintiffs asserted claims for negligent misrepresentation and equitable estoppel against the Foothills Defendants. The parties have had multiple scheduling order extensions and

almost a year to conduct discovery, with the discovery period beginning July 2, 2021, and

ending June 6, 2022. (Jul. 2, 2021 Scheduling Order, ECF No. 12; Aug. 6, 2021 Am.

Scheduling Order, ECF No. 19; Dec. 12, 2021 Sec. Am. Scheduling Order, ECF No. 25; March

25, 2022 Final Am. Scheduling Order, ECF No. 31.)

 The parties filed their respective motions for summary judgment on June 17, 2022, the

dispositive motions deadline in the Final Amended Scheduling Order. Plaintiffs filed a response

to the Foothills Defendants' motion for summary judgment on July 13, 2022. In the

introduction of Plaintiffs' response, Plaintiffs stated that they were

> reserving the right to supplement and amend prior to a hearing on this Motion. The
> Deposition of Vic Holley was scheduled for a June date, and it was cancelled
> without consulting the Plaintiffs because it was noticed by Defendant Auto-Owners
> Insurance Agency []. Before any summary judgment should be considered[] in
> favor of Defendant Foothills, it is necessary that Plaintiffs take the deposition of
> Vic Holley. The parties have scheduled the deposition for July 15, 2022.

(Mem. Resp. Opp'n Foothills Mot. Summ. J. 1, ECF No. 48.)

 As an initial matter, pursuant to District of South Carolina Local Civil Rule 7.08, the

district court may determine motions without a hearing. The Final Amended Scheduling Order

notes in bold as follows: "**[t]he court directs the parties' attention to Local Rule 7.00 which**

**governs motion practice. Hearings on motions are not automatic. The court may decide**

**motions without a hearing.**" (Final Am. Scheduling Order, ECF No. 31.) Second, Plaintiffs

did not state in their response that they would be supplementing their response. Instead,

Plaintiffs indicated that they reserved the right to supplement before a hearing. Parties to a case

are not permitted to reserve the right to supplement a response without leave of court. In

addition, Plaintiffs never moved to extend the discovery deadline in this case.[3]   Further, the court is not required to and did not hold a hearing before ruling on the parties' motions for summary judgment.  Third, Plaintiffs offered no specific reason why Holley's testimony was necessary to oppose the Foothills Defendants' motion for summary judgment, and Plaintiffs filed a detailed memorandum in opposition to the Foothills Defendants motion for summary judgment and attached numerous exhibits.  (Mem. Resp. Opp'n, Foothills Mot. Summ. J., ECF No. 48.)

Plaintiffs' sole explanation for the delay is that the deposition was previously scheduled by Auto Owners for May 31, 2022, and was cancelled by Auto Owners.  (Mem. Supp. Mot. Reconsid. 5, ECF No. 62.)  Plaintiffs were aware of the cancellation on May 31, 2022, and could have scheduled the deposition of Holley, a named defendant, before the conclusion of the discovery period.  (Id. Ex. 1 (May. 31, 2022 Email, ECF No. 62-1.)  Instead, Plaintiffs waited six weeks to conduct the deposition, after the motions for summary judgment were filed and well after the June 6, 2022 discovery deadline.  Plaintiffs aver that they did not receive the transcript until July 29, 2022, and the court ruled on the motion for summary judgment on August 1, 2022, which provided them with no opportunity to supplement their response.  (Mot. Reconsider. 2, ECF No. 62.)

Plaintiffs did not act with due diligence to depose a named defendant in this case during the discovery period (July 2, 2021 until June 6, 2022).  Further, Plaintiffs acted with no urgency

---

[3] The Final Amended Scheduling Order and all previous scheduling orders advised in bold that "The parties may, with the consent of all counsel, conduct discovery up to the time of trial, **provided the deadlines in this order are not affected**." (Final Am. Scheduling Order, ECF No. 31.)  (Emphasis added)

and never sought leave to supplement the record before this court.  Plaintiffs' counsel is an experienced attorney well-versed in federal motion practice, which is the appropriate means for obtaining judicial action.  Plaintiffs certainly had the ability to obtain this evidence during the discovery period in this case.  However, as of July 14, 2022, Plaintiffs knew the substance of Holley's deposition testimony, more than two weeks prior to the court's decision on the motions for summary judgment.  Thus, Plaintiffs' argument that Holley's deposition testimony is new evidence that was unavailable to them is patently incorrect.  The evidence was available to Plaintiffs throughout the entire discovery period.  Plaintiffs simply did not avail themselves of the evidence by taking Holley's deposition in a timely fashion.  See Patrick v. PHH Mortg. Corp., 998 F. Supp. 2d 478, 486 (N.D. W. Va. 2014) ("Plaintiffs' inability to gather evidence to respond to Defendant's Motion for Summary Judgment is due to their own delay."); Kiddie Acad. Domestic Franchising, LLC v. Wonder World Learning, LLC, No. ELH-17-3420, 2020 WL 4338891, at *14 (D. Md. July 27, 2020) (unpublished) (denying motion for reconsideration finding that affidavit submitted in support of motion for reconsideration was "hardly new" as "Defendants had access to" the witness prior to the issuance of the interlocutory order).

In addition, and importantly, Plaintiffs never filed any motion to stay or delay the court's ruling on the Foothills Defendants' motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure citing a need for additional discovery.

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Generally, "summary judgment is to be 'refused where the nonmoving

party has not had the opportunity to discover information that is essential to his opposition.'"

Dave & Buster's, Inc. v. White Flint Mall, LLLP, No. 14–1794, 2015 WL 3622239, at *7 (4th

Cir. Jun. 15, 2015) (unpublished) (quoting Harrods Ltd. v. Sixty Internet Domain Names, 302

F.3d 214, 244 (4th Cir. 2002).  Further, "the party opposing summary judgment 'cannot

complain that summary judgment was granted without discovery unless that party ha[s] made an

attempt to oppose the motion on the grounds that more time was needed for discovery . . . before

the district court ruled.'" Id. (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954,

961 (4th Cir.1996)).  As the Fourth Circuit has explained:

> Generally such an attempt is made through the filing of a Rule 56(d) affidavit that
> outlines the need for discovery and what additional facts litigants hope to uncover
> through discovery to properly defeat summary judgment.  Although this court has
> found that filing an affidavit is not a necessary condition of obtaining discovery
> prior to summary judgment, we have repeatedly "warned litigants that we 'place
> great weight on the [Rule 56] affidavit'" and that "'the failure to file an affidavit
> under [Rule 56] is itself sufficient grounds to reject a claim that the opportunity
> for discovery was inadequate.'"

Id. (quoting Harrods, 302 F.3d at 244).  In Harrods, the Fourth Circuit found that where "the

nonmoving party's objections before the district court served as the functional equivalent," a

Rule 56(d) affidavit may not be required.  Id. at 244-45 (internal quotations omitted) (quoting

First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)).  However, the

Fourth Circuit, in Harrods, noted that there are only narrow instances where a Rule 56(d)

affidavit is not required:

> When the nonmoving party, through no fault of its own, has had little or no
> opportunity to conduct discovery, and when fact-intensive issues, such as intent,
> are involved, courts have not always insisted on a Rule 56(f) affidavit if the
> nonmoving party has adequately informed the district court that the motion is
> pre-mature and that more discovery is necessary.

Harrods, 302 F.3d at 244.  Specifically, the Fourth Circuit observed that "if the nonmoving

party's objections before the district court served as the functional equivalent of an affidavit, and

if the nonmoving party was not lax in pursuing discovery, then [it] may consider whether the

district court granted summary judgment prematurely, even though the nonmovant did not

record its concerns in the form of a Rule 56(f) affidavit."  Id. at 244-45.

However, and in contrast, in Dave and Buster's, the Fourth Circuit noted that a

conclusory statement in a memorandum in opposition that additional discovery regarding an

issue was necessary "is not the equivalent of a Rule 56(d) affidavit, nor does it provide

reasonable notification and explanation for why more time for discovery was necessary or what

the parties intended to discover that was not yet in the record."  2015 WL 3622239, at *8.

In the case at bar, Plaintiffs reserved the right to supplement their response prior to any

hearing on the Foothills Defendants' motion for summary judgment, stating in conclusory

fashion that Holley's deposition was necessary without explaining why more time was needed

and what Plaintiffs intended to discover.  (Mem. Opp'n Foothills Defendants' Mot. Summ. J. 1,

ECF No. 48.)  This is not the equivalent of a Rule 56(d) affidavit.  Further, Plaintiffs have never

filed a Rule 56(d) affidavit.  Plaintiffs' showing is "too little, too late."  Dave & Buster's,  2015

WL 3622239, at *8 (finding that "the court properly granted summary judgment on the

enforceability of [a] clause [in a lease] given the record before it" because "[o]nly after the court

granted summary judgment . . . did [Plaintiff] file its Rule 56(d) affidavit," which "was too little,

too late"); Tsai v. Md. Aviation, 306 F. App'x 1, 5 (4th Cir. Oct. 31, 2008) (unpublished) ("[I]f

[the plaintiff's] attorney thought he needed additional discovery, he could have moved under

Rule 56(f), which permits the court to order additional discovery where a party lacks sufficient

facts to oppose a motion for summary judgment.  He failed to make such a motion, and in doing

so has waived any argument for additional discovery." (internal citation omitted)); Evans v.

Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) ("We, like other reviewing

courts, place great weight on the Rule 56(f) affidavit, believing that a party may not simply

assert in its brief that discovery was necessary and thereby overturn summary judgment when it

failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery

in an affidavit." (internal quotation omitted)); Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir.

1995) ("Although [the plaintiff] cites numerous aspects of discovery that he believes were not

properly completed at the time of the district court's decision on appeal, [the defendant]

correctly points out that [the plaintiff] failed to file an affidavit with the district court specifying

which aspects of discovery required more time to complete.  As we have previously held, a party

may not simply assert in its brief that discovery was necessary and thereby overturn summary

judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the

need for discovery in an affidavit." (internal quotation omitted)) Scadden v. Werner, 677 F.

App'x 996, 999-1000 (6th Cir. Jan. 27, 2017) (unpublished) (finding that plaintiff's "failure to

comply with 56(d) is reason enough to conclude that the district court did not abuse its

discretion in granting the initial summary judgment motion, or denying his request for

reconsideration, without allowing for more discovery").

   Based on the foregoing, the court finds that there is no basis to reconsider the court's

summary judgment order based on Holley's deposition because Plaintiffs failed to comply with

Rule 56(d) of the Federal Rules of Civil Procedure and to act with any diligence in obtaining

Holley's deposition during the discovery period in this case.  Moreover, Holley's testimony is

not new evidence that was unavailable to Plaintiffs prior to filing of the motions for summary

judgment.

Further, even if the court were to consider Holley's deposition testimony, it does not

alter the court's conclusion that no genuine issue of material fact exists as to whether Holley

made any false representation that the Policy would cover the replacement cost of the dwelling

or regarding the coverage afforded under the Policy.  Further, even if there was

misrepresentation, no genuine issue of material fact exists as to whether Plaintiffs reasonably

relied on any misrepresentation.  Therefore, Plaintiffs' motion to reconsider the grant of

summary judgment to the Foothill Defendants is denied.

### C.  Insurance Application

Plaintiffs argue that "[t]he statement in the Order that the 'Guaranteed Home

Replacement Cost' box was not checked on the Policy Application should not be used against

Plaintiffs" because the "application [was] filled out by Agent and was sent to Mr. Snyder to be

e-signed."  (Mot. Reconsid. 10, ECF No. 62.)  In the order, the court stated:

> Furthermore, Mr. Snyder executed the Policy Application, which did not have the
> box for "Guaranteed Home Replacement Cost" checked, which reflects that
> through the exercise of basic due diligence, Mr. Snyder would have known from
> the application alone that there was no guaranteed home replacement cost
> provided with the Policy.

(Aug. 1 Opinion & Order 21, ECF No. 51.)  "There is no liability [for negligent

misrepresentation] for . . . . matters which plaintiff could ascertain on his own in the exercise of

due diligence." Quail Hill, LLC v. County of Richland, 692 S.E.2d 499, 508 (S.C. 2010)

(internal quotation marks omitted).  It is undisputed that Mr. Snyder signed the insurance

application.  Mr. Snyder's failure to review the application that he signed reflects a lack of due diligence.

In addition, Plaintiffs argue that the court's order was in error because "[t]he Statement in the Order is wrong and clearly affected the Court's decision as to Agent and Auto-Owners and the Court should consider the impact of this on Declaratory Judgment cause of action." (Mot. Reconsid. 11, ECF No. 62.)  Plaintiffs argue that the statement is wrong because "[i]t is an uncontested fact that those boxes not checked in the application were not available for dwellings under construction."  (Id., ECF No. 62.)  The statement in the order is not in error.  The undisputed fact is that the box for guaranteed home replacement was not checked, indicating that it was not provided with the Policy, irrespective of whether or not it could have been provided with the Policy.  Based on the foregoing, there is no basis for reconsideration based on this argument.

### D.  Insurance Proposals

Plaintiffs argue that in the fact section

[o]n page 4 of its Order, the Court notes that Agent had prepared three insurance proposals and says the Plaintiffs did not accept any of the proposals. Two of the proposals exceeded the value of the construction contract and pursuant to S.C. Code Ann. § 38-75-20 could not have been issued.  Agent admits this was actually not an option.

(Id. 13, ECF No. 62.)  The court's order states as follows:

Holley prepared three insurance proposals for a homeowner's policy with dwelling under construction endorsements and emailed the proposals to Mr. Snyder. (Foothills Mem. Supp. Summ. J. Ex. B (October 29, 2018 Email), ECF No. 43-2.) The Plaintiffs did not accept any of these three proposals.

(Aug. 1, 2022 Opinion & Order 4-5, ECF No. 51.)  The inclusion of this information in the fact

section was for the purpose of stating the timeline and Plaintiffs' undisputed contacts with the

Foothills Defendants.  Notably, Plaintiffs implicitly agree that one of these proposals could have

been issued.  (Mot. Reconsid. 13-14, ECF No. 62.)  However, this fact had no bearing on the

court's decision as reflected in the Order.  It is undisputed that Mr. Snyder and Holley discussed

coverage limits for the dwelling via email in January 2019 and that Mr. Snyder requested a

coverage limit of $1.9 million dwelling despite knowing that the construction cost for the

dwelling significantly exceeded this amount.[4]  (Pl. Mem. Supp. Summ. J. 3, Ex. 4 (Jan. 8, 2019

Email, Jan. 13, 2019 Email), ECF No. 42-5.)  Plaintiffs' have failed to show any clear error.

### E.  Auto-Owners' Motion for Partial Summary Judgment

The court in granting partial summary judgment to Auto-Owners and denying Plaintiffs'

motion for partial summary judgment held that the

> plain, unambiguous language of the Policy limits Coverage A - Dwelling to $1.9
> million.  There is nothing in the DUC endorsement that alters this conclusion.  The
> valuation endorsement unambiguously provides that in the event of total loss due to
> fire the limit of insurance stated in Coverage A "shall be taken conclusively to be
> the true amount of loss and measure of damages."  Therefore, the value upon
> completion in the DUC endorsement is conclusively the limit of insurance stated in
> Coverage A for a total loss due to a fire.  The use of the term provisional, when
> taken as a whole with the entirety of the Policy, unambiguously dictates that the
> amount of insurance for a loss before construction is completed can be less than
> $1.9 million, but cannot exceed $1.9 million.  To find otherwise would render an
> absurd result.  The Plaintiffs contracted for an insurance limit in the amount of $1.9
> million and paid the premium based on that amount.

---

[4]The original contract price of for the construction of the dwelling was $2,230,475.00.
(Pl. Mem. Supp. Summ. J. 2, ECF No. 42-1 ).  By January 2019, this contract price had
increased to $2,306,814.00. (Id. Ex. 6 (Email with Additional Charges), ECF No. 42-7.)  By
October 2019, this contract price had increased to $2,455,536.71, due to allowance overages and
costs.  (Id. Ex. 6 (Email with Additional Charges), ECF No. 42-7.)

(Aug. 1, 2022 Opinion & Order 11, ECF No. 51.)

Further, the court cited Averill v. Preferred Mutual Insurance Co., 441 S.E.2d 632, 633 (S.C. 1994), wherein the South Carolina Supreme Court held that S.C. Code Ann. § 38-75-20, "require[s] that in a case of total loss by fire, recovery equals the full amount of insurance under the policy and not the actual value of the insured property." The court concluded that as in Averill, "there is nothing in the Policy to support the conclusion that the valuation stated in the valuation endorsement does not apply." (Aug. 1, 2022 Opinion & Order 12, ECF No. 51.) Thus, the court concluded that the Coverage A dwelling limit of $1.9 million stated in the declarations is the maximum amount owed on a covered loss to a dwelling under construction that is a total loss due to fire.

Plaintiffs argue that the court's decision granting Auto Owners' motion for partial summary judgment is manifestly unjust. (Mot. Reconsider. 14-15, ECF No. 62.) Plaintiffs are asking to relitigate an issue already fully considered by the court. As stated previously, a motion to reconsider should not be used "simply to ask the [c]ourt to rethink what the [c]ourt had already thought through . . . ." Wiseman v. First Citizen Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks and citation omitted). Plaintiffs have come forward with no new evidence that would alter the court's decision or evidence of clear error causing manifest injustice. Based on the foregoing, Plaintiffs' motion to reconsider the court's granting of summary judgment to Auto-Owners is denied.

In sum, Plaintiffs' motion for reconsideration fails to demonstrate any basis for relief pursuant to Rule 54(b).

It is therefore

**ORDERED** that Plaintiffs' motion for reconsideration, docket number 62, is denied.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 28, 2022